**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1701-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL A. KEOUGH,

     Defendant-Appellant.

_____

Submitted May 21, 2026 – Decided August 6, 2026

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 07-04-24.

Day Pitney LLP, attorneys for appellant (Michael L. Fialkoff and Taylor M. Spallanzani, of counsel and on the briefs).

Daniel M. Perez, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo on the record, defendant Michael A. Keough appeals from a February 5, 2025 Law Division order finding him guilty of careless driving, N.J.S.A. 39:4-97, and refusal to submit to a chemical test, N.J.S.A. 39:4-50.4a.[1] We affirm.

I.

The following facts were elicited during trial. On July 16, 2023, Hardyston Township Patrol Officer Andrew Reeves was on duty conducting moving radar with his motor vehicle recorder (MVR) activated. He saw the vehicle in front of him, which defendant was driving, cross over the double yellow lines into the lane of oncoming traffic. He then pursued the vehicle and observed the car "riding" the yellow lines, then "bounce" between the yellow lines and the white fog line.

Officer Reeves pulled the car over and upon approaching it, smelled an odor of alcohol and noted defendant was slow and fumbling for his documents. He advised defendant: "[S]o the reason I stopped you, as I was following you,

---

[1] Defendant was also convicted of refusal to provide consent for a breath sample under N.J.S.A. 39:4-50.2, which was merged with the refusal to submit to a chemical test; and of traffic on marked lanes, N.J.S.A. 39:4-88, which was merged with the careless driving conviction. In addition, he was convicted of driving while intoxicated (DWI), N.J.S.A. 39:4-50, but does not appeal from that order.

A-1701-24

when you passed Lake Tamarack you entirely went into oncoming traffic. And then while I was right behind you, you swerved over the [yellow and] the white line."

At Officer Reeves's request, Sergeant Alan Carbery arrived shortly thereafter to assist with the stop. Both officers had their body-worn cameras (BWCs) activated. A third officer was present but did not testify at trial.

While defendant remained seated in his vehicle, the officers administered two field sobriety tests, one in which defendant was required to recite a section of the alphabet and another in which he was required to count backwards from eighty-eight to sixty-six. When defendant was repeatedly unable to perform either test, he was asked to exit the vehicle to submit to additional sobriety tests. Although defendant told the officers he had one glass of wine at a winery six hours before, they noted he had bloodshot, watery eyes and slurred speech.

Defendant then could not successfully complete the nystagmus, walk-and-turn, and one-leg stand tests. He stumbled and fell into Sergeant Carbery while attempting the walk-and-turn test and could not keep his balance or count accurately during the one-leg stand test.

After placing defendant under arrest for DWI, he was transported to the police department processing room. Officer Reeves read defendant the Attorney

A-1701-24

General's standardized statement for motor vehicle operators, and defendant consented to a breath test. Reeves then advised defendant he had to wait twenty minutes before taking the test, during which there could be "no burping, belching, vomiting, eating, drinking, [or] anything like that." Defendant then coughed four separate times during the observation period, which required the twenty-minute clock to restart each time. Each time defendant coughed, Officer Reeves advised him he could not do so, and prior to the fourth time, he warned defendant it "was the last time" he would restart the observation period. Officer Reeves testified defendant's cough was short, muffled, and seemed forced, and defendant did not cough on the scene, during transport, or at any time prior to the attempted breath test. Thus, the officer believed defendant was purposely delaying or refusing to submit to the breath test.

Defendant testified he had one glass of wine and a chicken sandwich at the winery, then went to his brother's house and ate "an abundance of stuff" he does not usually consume because he has chronic kidney disease. He claimed the aberrant eating made him drowsy and gave him muscle cramps that impacted his ability to perform the physical field sobriety tests. Defendant also stated he had sinusitis after suffering from the flu, which made him cough when indoors, "especially when somebody got [him] to talk or [he] had to talk."

4

A-1701-24

Defendant also elicited testimony from Herbert H. Leckie, who was a DWI and drug recognition expert. Leckie testified defendant's age and medical condition could have affected the reliability of the field sobriety tests.

The municipal judge found both officers "extraordinarily credible" because they did not embellish their testimony, which was consistent with the MVR and BWC evidence. He found defendant not credible both on the night of the traffic stop and during trial. Noting "nothing speaks louder than the video," the judge was unpersuaded defendant's claims of physical ailments explained his inability to recite portions of the alphabet or count backwards. He also found defendant's "excuses were contrived" because, despite Sergeant Carbery's "patient" questioning on the scene, defendant did not complain of cramps during the field sobriety tests.

Based on these findings, the court concluded defendant was guilty of refusal to submit to a chemical test and careless driving. For the refusal, defendant was sentenced to: a $600 fine; one-year driver's license suspension; twelve hours in the Intoxicated Driver Resource Center; two years of ignition interlock; and mandatory assessments and costs. The sentence for the careless driving conviction was a $200 fine, mandatory assessments, and costs.

5

Defendant appealed from his convictions to the Law Division, which conducted a trial de novo on the record.[2] In an oral decision, the Law Division judge affirmed the guilty finding and sentences.

With regard to the careless driving, the judge discussed the MVR:

> It starts out with the officer being quite . . . significantly behind . . . defendant's vehicle. We can't see . . . defendant's vehicle for probably at least the first . . . thirty or forty seconds of that video, but as he does speed up and get closer at about the minute, ten mark of that video we see . . . defendant's vehicle cross significantly into the lane of oncoming traffic.
>
> It does not cross all the way over, but it certainly appears to this court from that review that the two wheels on the driver's side are across the double yellow line. He then . . . continue[s] to stray back and forth between the fog line on the right and the center line coming close to or touching the center line at least another . . . two or three times.

He also recounted Officer Reeves credibly "testified that he saw the vehicle go entirely into oncoming traffic[,] . . . [which] may have been before we're close enough to see it on the camera's eye." Thus, "there was sufficient testimony based on the testimony of [Officer] Reeves, as well as what [the court] observed on his [MVR] . . . defendant operated his vehicle in a careless manner."

---

[2] Defendant's de novo appeal attempted to include information and documents outside the record of the municipal proceeding, which the Law Division judge properly declined to consider.

As to the refusal charge, the judge summarized:

> [A]t the station, the Attorney General's standard statement requesting a breath test is reviewed with [defendant]. The observation period is explained to him and that its purpose is to ensure that he doesn't burp, belch, vomit, or eat anything before taking the [breath] test[;] anything that could somehow influence the level of alcohol in his breath, in his mouth area if at all.
>
> . . . .
>
> It does not appear to be disputed even by [defendant]'s testimony that . . . on four separate occasions [he] coughs during the observation period causing [Officer] Reeves to reinitiate or restart the twenty-minute observation period each time . . . .
>
> After the third time when [defendant] coughed during the twenty-minute period he was warned by [Officer] Reeves that he would start the . . . observation period a fourth and final time, but that if he coughed again during that fourth and final time he could be charged with refusal. [Defendant] in fact did cough again during the fourth twenty-minute observation period and accordingly [Officer] Reeves . . . advised that he was also going to be charged with refusal.
>
> Again, [Officer] Reeves specifically testified that throughout the encounter before the observation period started, he did not observe [defendant] . . . coughing at any time. That included throughout the entire encounter on the road, in his car, while performing the standardized field sobriety tests, or on the way back to the police station in the [officer]'s car. He described the cough as being, "Short, muffled-like, and that it felt forced."

7

The judge emphasized the officers' testimony was

> fully borne out by the video that was played that at no time during the stop when he was inside his vehicle, . . . standing outside for the field sobriety tests, or . . . inside [Officer] Reeves's vehicle and then transported back to the police station did [defendant] cough a single time.[3]

The Law Division judge agreed with the municipal judge's assessment defendant's testimony was not credible and his excuses were contrived. Despite defendant's consent to provide a breath sample, "[h]is coughs were without question an attempt to intentionally obstruct the breath sample process." Because he did not discern "anything that was improper or illegal as it related to the sentences that were imposed by" the municipal court, the judge imposed the same sentences.

## II.

On appeal from a municipal court to the Law Division, the review of a conviction is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

---

[3] The judge later clarified the transport video was not in evidence, but Officer Reeves's credible testimony was that defendant did not cough during that time period.

A-1701-24

We do not, however, independently assess the evidence.  See State v. Locurto, 157 N.J. 463, 471 (1999).  "Our standard of review of a de novo verdict after a municipal court trial is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole."  State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).  "[A]ppellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'"  State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

"[T]he rule of deference is more compelling where," as here, the municipal and Law Division judges made concurrent findings.  Locurto, 157 N.J. at 474.  "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid.

On appeal, defendant reprises his contentions the evidence presented was insufficient to sustain the convictions.  Having reviewed the record, the judges' findings and conclusions, and defendant's arguments in light of our standard of review, we discern no reason to disturb the order on appeal.

9

Defendant contends the careless driving charge was not supported by the evidence because the MVR does not show he was driving carelessly or "in a manner so as to endanger, or be likely to endanger" anyone or any property. We are unpersuaded by this argument because Officer Reeves testified he observed defendant's vehicle cross completely over the double yellow lines. Although the MVR only showed his vehicle go halfway over the lines, both judges determined Reeves's credible testimony established more than what could be seen on the video.

Defendant also argues his coughing was caused by the lingering effects of having the flu, a point roundly rejected by both judges as unsupported by the video evidence, documentation, or anything other than defendant's incredible self-serving testimony. And while defendant was not confrontational or belligerent with the officers, they concluded his feigned cooperation was belied by his intentional acts to interfere with and delay the breath test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1701-24